# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Kimberly Hudson,** | |
| Plaintiff, | Case No. |
| v. | |
| **Wesson for Supervisor 2020,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Kimberly Hudson** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Wesson for Supervisor 2020** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant conducts business in the State of Texas and a substantial part of the events giving rise to this claim occurred in this jurisdiction.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5.    Plaintiff is a natural person residing in Arlington, Texas 76017.

6.    Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.    Defendant maintains a principal place of business, head office, or otherwise valid mailing address at 1801 Century Park East, Ste. 1132, Los Angeles, CA 90067.

8.    Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10.   Wesson for Supervisor 2020 devised and implemented a campaign marketing strategy which includes the placement of automated telephone calls through use of automatic telephone dialing systems.

11.   Defendant initiated telephone calls to Plaintiff on her cellular telephone number on the following dates and times seeking Plaintiff's vote: February13, 2020 at 5:41PM; February 19, 2020 at 8:51PM; February 22, 202 at 7:33PM; February 25, 2020 at 9:01PM; February 27, 2020 at 7:07PM; and March 1, 2020 at 4:40PM.

12.   When returning a missed call from Defendant's telephone number Plaintiff was greeted with the following message:

> Hi this is Herb Wesson sorry I missed you.  I called you because I am running for LA County Supervisor and I need your vote on March 3rd.  Remember vote March 3rd.  Remember vote for Herb Wesson.  Bye now.

13.   Defendant placed these calls to Plaintiff using an automatic telephone dialing system.

14.   Defendant's calls were not made for "emergency purposes."

15. Defendant did not have express consent from Plaintiff prior to contacting her on her cellular telephone.

16. Plaintiff never provided her cellular telephone number to Defendant, has no affiliation with Herb Wesson's campaign, and has never provided any donations to Herb Wesson or attended any previous campaign events for Herb Wesson.

17. Plaintiff has been on the Do Not Call Registry since July of 2003.

18. Since Plaintiff was on the Do Not Call Registry since July of 2003, Defendant knew its calls were unwanted, therefore, all calls could have only been made solely for purposes of harassment.

19. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUN T I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendant's calls were not made for "emergency purposes."

24. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

3

25. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since July of 2003.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since July of 2003

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Kimberly Hudson,** respectfully prays for judgment as follows:

   a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and 15 U.S.C.A. § 6104(a) for damages under 16 C.F.R. § 310.4(b)(1)(iii)(B) ;

   b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

   g. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Kimberly Hudson,** demands a jury trial in this case.

Respectfully submitted,

Dated: 9/18/2020

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com