# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **KIMBERLY HUDSON**, <br><br> Plaintiff, <br><br> v. <br><br> **WESSON FOR SUPERVISOR 2020,** <br><br> Defendants. | Case No. 4:20-cv-01039-O |

### PLAINTIFF'S RESPONSE TO THECOURT'S MARCH 8, 2021 ORDER

Kimberly Hudson ("Plaintiff") by and through her attorney, Kimmel & Silverman, P.C., responds to the Court's Order dated March 8, 2021:

### I.    PROCEDURAL HISTORY

Plaintiff filed a Complaint in this matter on September 18, 2020 alleging violations of the Telephone Consumer Protection Act ("TCPA"). See Docket Entry 1. Defendant failed to answer and Plaintiff sought default on December 16, 2020. See Docket Entry 10. Plaintiff file a motion for default judgment on this same date. See Docket Entry 11. The clerk entered default on December 17, 2020. See Docket Entry 13. On March 8, 2021 the Court requested supplemental briefing on the whether the February and March 2020 calls may support a viable claim under the TCPA. Plaintiff provides the following supplemental brief.

### II.    ARGUMENT

#### A.  The Telephone Consumer Protection Act is Constitutional.

In July 2020 the Supreme Court issued a decision on the constitutionality of the TCPA, specifically relating to a 2015 amendment which exempted servicers of federally backed student

loans from the TCPA. *See generally*, <u>Barr v. Am. Ass'n of Political Consultants</u>, 140 S. Ct. 2335 (2020). The Supreme Court struck down the 2015 amendment and the exemption therein while explicitly holding the Act itself (which was enacted 24 years prior to the 2015 amendment) to be constitutional and severing the 2015 exemption. *See Id.* In so doing the U.S. Supreme Court, in a decision authored by Justice Brett Kavanaugh, actually expanded the reach of the TCPA and affirmatively declared the statute's constitutionally. *See Id.*

Regarding severability and how the unconstitutional amendment related to the remainder of the TCPA, the High Court held as follows:

> With the government-debt exception severed, the remainder of the law is capable of functioning independently and thus would be fully operative as a law. **Indeed, the remainder of the robocall restriction did function independently and fully operate as a law for 20-plus years before the government-debt exception was added in 2015.**
>
> \*\*\*\*\*\*\*\*
>
> The Court's precedents further support severing the 2015 government-debt exception. The Court has long applied severability principles in cases like this one, where Congress added an unconstitutional amendment to a prior law.
>
> \*\*\*\*\*\*\*\*\*
>
> Extending the robocall restriction to those robocalls raises no First Amendment problem. So the First Amendment does not tell us which way to cure the unequal treatment in this case. Therefore, we apply traditional severability principles. And as we have explained, severing the 2015 government-debt exception cures the unequal treatment and constitutes the proper result under the Court's traditional severability principles. In short, **the correct result in this case is to sever the 2015 government-debt exception and leave in place the longstanding robocall restriction.**

<u>Barr</u>, 140 S. Ct. 2335, 2353-55 (2020) (emphasis added).

A small minority of courts[1] have misconstrued Barr to mean the opposite of what the decision actually held. However, there are significantly more courts which correctly followed Barr to apply the TCPA to all robo-callers, rather than exempt all robo-callers from the statute. *See e.g.* Abramson v. Fed. Ins. Co., 2020 U.S. Dist. LEXIS 232937, at *3-4 (M.D. Fla. Dec. 11, 2020) ("Although XenCall cites two cases supporting its arguments, the vast majority of cases this has reviewed conclude that parties may continue to bring claims under the portions of § 227(b) unaltered by AAPC."); Buchanan v. Sullivan, No. 8:20-CV-301, 2020 U.S. Dist. LEXIS 202519, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020); Schmidt v. AmerAssist A/R Sols. Inc 2020 U.S. Dist. LEXIS 193358, 2020 WL 6135181, at *4 n.2 (D. Ariz. Oct. 19, 2020); Burton v. Fundmerica, Inc., 2020 U.S. Dist. LEXIS 139299, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020); Salerno v. Credit One Bank, N.A., No. 15-CV-516 (JLS), 2020 U.S. Dist. LEXIS 133636, at *7 (W.D.N.Y. July 28, 2020) (rejecting defendant's request for a stay and noting the Barr court "did not invalidate the TCPA as a whole."); *see also*, Rieker v. National Car Cure, LLC, et. al., No. 3:20-cv-5901-TKW-HTC (N.D.F.L. Jan. 5, 2021), attached hereto as Exhibit "A"; Pepper v. Life Protect 24/7 d/b/a Life Protect 24/7, 4:20-cv-02154 (T.X.S.D. March 1, 2021), attached hereto as Exhibit "B" (Defendant's argument that TCPA claims were unconstitutional failed because the Plaintiff's claims did not arise out of the exception the Supreme Court held unconstitutional); and Agbim v. Zip Capital Group, LLC, 8:20-cv-01920-CJC-DFM (C.D.C.A. Feb. 2, 2021), attached hereto as Exhibit "C" (finding the Supreme Court in Barr "expressly declined to hold the entirety of § 227(b)(1)(A)(iii) unconstitutional… and instead severed the government –debt exception and '[l]eft in place the longstanding robocall restriction.'").

---

[1] Creasy v. Charter Communs., Inc., No. 20-1199, 2020 U.S. Dist. LEXIS 177798 (E.D. La. 2020) and Lidenbaum v. Realgy, LLC, No. 1:19 CV 2862, 2020 U.S. Dist. LEXIS 201572 (N.D. Ohio 2020).

Here, when Defendant was placing harassing calls to Plaintiff, the government-debt exemption was wholly inapposite. Based on the clear and unequivocal language of the <u>Barr</u> majority, the "longstanding robocall restriction" of the TCPA was in effect when Defendant placed automated calls to Plaintiff.

### III.   **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Honorable grant her motion for default judgment.

                    RESPECTFULLY SUBMITTED,

                    *By:  /s/ Amy L. B. Ginsburg*
                    Amy L. B. Ginsburg, Esquire
                    Kimmel & Silverman, P.C.
                    30 E. Butler Pike
                    Ambler, PA 19002
                    Phone: (215) 540-8888 ext. 167
                    aginsburg@creditlaw.com

Dated: March 26, 2021

## **CERTIFICATE OF SERVICE**

I certify that on March 26, 2021, I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. Copy of the foregoing will also be sent to the Defendant at the following address:

Wesson for Supervisor 2020
1801 Century Park East. Ste. 1132
Los Angeles, CA 90067

/s/ *Amy L.B. Ginsburg*