UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KIMBERLY HUDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01039-O |
| | § | |
| WESSON FOR SUPERVISOR 2020, | § | |
| | § | |
| Defendant. | § | |

### ORDER

Before the Court are Plaintiff Kimberly Hudson's Motion for Default Judgment and Brief/Memorandum in Support (ECF Nos. 11–12), filed December 16, 2020; and Plaintiff's Supplemental Response (ECF No. 15), filed March 26, 2021. Having considered the motion, briefing, and applicable law, the Court **DENIES** the motion.

**I.  BACKGROUND**

This action arises from alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.* ("TCPA"). *See* Compl., ECF No. 1. On September 18, 2020, Plaintiff Kimberly Hudson ("Hudson") sued Defendant Wesson for Supervisor 2020 ("Wesson"), seeking statutory damages of $9,000 under TCPA § 227(a), statutory damages of $9,000 under TCPA § 227(b), costs, and attorney's fees. *Id.* Wesson was served on November 12, 2020, but has failed to timely appear. ECF Nos. 8–9. Hudson filed a Request for Clerk to issue Default Judgment and a Motion for Default Judgment against Wesson. ECF Nos. 10–11. And the Clerk entered default as to Wesson. ECF No. 13. The Court *sua sponte* raised the issue of viability of Hudson's claim in light of the Supreme Court's recent opinion in *Barr v. Am. Ass'n of Pol. Consultants*, 140 S. Ct. 2335, 2343 (2020) [hereinafter, *AAPC*] (plurality opinion), in which it held the government-debt-

1

collection of the TCPA created an unconstitutional content-based regulation. *See* Order, ECF No. 14. Hudson briefed the issue, and the motion is ripe for the Court's consideration. *See* ECF No. 11–12.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets the conditions for entering default against a party as well as the procedure for default judgment. The Court may only enter a default judgment upon the completion of three steps. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, the defendant must default by failing to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* Next, the clerk must enter default when the plaintiff establishes default by affidavit or otherwise. *Id*. Last, the plaintiff must ask the Court for entry of a default judgment. *Id.*

A court has the discretion to grant or deny a default judgment, although it is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). A party is not entitled to default judgment as a matter of right, even where the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

Courts may not issue a default judgment against an infant or incompetent defendant unless a general guardian, conservator, or other like fiduciary who has appeared represents that defendant. Fed. R. Civ. P. 55(b)(2). Likewise, the Court may not issue a default judgment against an individual defendant in military service until an attorney represents him. 50 U.S.C. § 521. To grant default judgment, the Court (1) considers whether entry of default judgment is procedurally proper, (2)

assesses the merits of the plaintiff's claims and the sufficiency of the complaint, and (3) resolves any remaining issues regarding the amount of damages. *See, e.g., United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2019) (citation omitted).

## III. ANALYSIS

Hudson requests a default judgment. But for the forthcoming reasons, the Court concludes that, while the default judgment is procedurally warranted,[1] Hudson has failed to state a viable claim for relief, so the Court will deny the motion. "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206. In making this determination, courts accept the well-pleaded factual allegations in the complaint as true. *Id.*; *see also Ford Motor Credit Company LLC v. Hancock*, 2015 WL 13118076 at *3 (N.D. Tex. Mar. 16, 2015) ("Given their default, Defendants have admitted the well-pleaded facts set forth in the complaint.").

The Supreme Court's *AAPC* decision prevents the conventional application of TCPA §§ 227(a)–(b) here. *See* 140 S. Ct. at 2343. There, the majority held that the TCPA's government-debt-collection exception's operation (1) created an unconstitutional content-based regulation of

---

[1] As a threshold matter, (1) Wesson has failed to plead or otherwise respond to Hudson's Complaint; (2) the clerk of court has entered default against Wesson, ECF No. 13; and (3) Hudson has requested a default judgment, ECF No. 11. Further, Wesson—a business entity for a political campaign—is not infantile, incompetent, or currently engaged in military service—any of which would otherwise prevent the Court entering default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 521(b)(1). **Error! Main Document Only.**To determine whether a default judgment is procedurally warranted, the Court must consider whether entry of default judgment is procedurally appropriate under the circumstances by weighing six non-exhaustive factors: (1) whether a good faith mistake or excusable neglect caused the default; (2) whether there has been substantial prejudice; (3) the harshness of a default judgment; (4) whether there are material issues of fact; (5) whether the grounds for a default judgment are clearly established; and (6) whether the defendant's motion would oblige the Court to set aside the default. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Here, having weighed and considered each factor, the Court finds that the *Lindsey* factors weigh in Hudson's favor. Accordingly, the Court concludes a default judgment is, otherwise, procedurally warranted.

speech in the application of the TCPA and (2) should be invalidated and severed from the rest of the TCPA, rather than invalidating the entire robocall restriction. *AAPC*, 140 S. Ct. at 2343.

Since *AAPC*, there has been a groundswell of district courts, though no circuit courts, questioning the retroactive severability of an unconstitutional, content-based speech regulation. *See Creasy v. Charter Commc'ns, Inc.*, No. 20-1199, 2020 WL 5761117, at *4–6 (E.D. La. Sept. 28, 2020); *see e.g.*, *Lindenbaum v. Realgy, LLC*, No. 1:19-cv-2862, 2020 WL 6361915, at *5 (N.D. Ohio Oct. 29, 2020); *Cunningham v. Matrix Fin. Servs., LLC*, No. 4:19-cv-896, 2021 WL 1226618, at *1 (E.D. Tex. Mar. 31, 2021). The *Creasy* court's reasoning and that groundswell has been met with opposition, creating a split among district courts. *See, e.g.*, *Cano v. Assured Auto Grp.*, No. 3:20-cv-3501-G, 2021 WL 3036933, at *6 (N.D. Tex. July 19, 2021); *Moody v. Synchrony Bank*, No. 5:20-cv-61 (MTT), 2021 WL 1153036, at *5 (M.D. Ga. Mar. 26, 2021); *Franklin v. Navient, Inc.*, No. 1:17-CV-1640-SB, 2021 WL 1535575, at *2 (D. Del. Apr. 19, 2021), *reconsideration denied sub nom. Franklin v. Navient, Inc.*, No. 1:17-cv-1640-SB, 2021 WL 2117177 (D. Del. May 25, 2021), and *amended on reconsideration*, No. 1:17-cv-1640-SB, 2021 WL 2915033 (D. Del. July 12, 2021); *Buchanan v. Sullivan*, No. 8:20-cv-301, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020); *Schmidt v. AmerAssist A/R Sols. Inc.*, No. cv-20-00230, 2020 WL 6135181, at *4 n.2 (D. Ariz. Oct. 19, 2020). The debate largely turns on effect of footnote twelve of Justice Kavanaugh's opinion:

> As the Government acknowledges, although our decision means the end of the government-debt exception, no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception and before the entry of final judgment by the District Court on remand in this case, or such date that the lower courts determine is appropriate ... On the other side of the ledger, our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction.

*AAPC*, 140 S. Ct. at 2355 n.12.

By way of example, in *Creasy*, reasoning that because "the exception and the rule are . . . inextricably intertwined for the purposes of any reasonable analysis[,] a restriction cannot possibly be content-based if it does not treat different categories of content differently; an exception cannot be unconstitutionally discriminatory without reference to the broader rule in which it appears." *Id.* at *5. Thus, the court determined that "the *entirety* of the pre-severance version of § 227(b)(1)(A)(iii) *is* void because it *itself* was repugnant to the Constitution before the Supreme Court restored it to constitutional health in AAPC." *Id.*

Here, every allegedly violative call was made between February and March 2020—after the enactment of the 2015 government-debt exception to § 227(b)(1)(A)(iii) and before the Supreme Court severed the unconstitutional exception in July 2020—the precise timing of an otherwise violative call that our sister courts have faced. Compl. 2–4, ECF No. 1; *see AAPC*, 140 S. Ct. at 2343 (2020). The Court rejects Hudson's characterization that "[w]hen [Wesson] was placing harassing calls to [Hudson], the government-debt exemption was wholly inapposite." Indeed, if Hudson were bringing the same claim, based on the same calls, but the content of the call was about government-debt collection, this Court—and presumably no court in the country— would hold that government-debt-collection caller liable when an unaltered statute expressly exempted their call from TCPA liability at the time. When a civil penalty hangs in the balance, the Fair Notice Doctrine demands so. *See, e.g.*, *Diamond Roofing Co. v. Occupational Safety & Health Rev. Comm'n*, 528 F.2d 645, 649 (5th Cir. 1976) (to be enforceable, statutes must provide "fair warning of the conduct it prohibits or requires [and] a reasonably clear standard of culpability . . . .").

The Court finds the logic of *Creasy*, 2020 WL 5761117, at *4–6, and *Cunningham*, 2021 WL 1226618, at *1, compelling and, accordingly, agrees in nearly every respect. But the issue

may be simpler due to one inescapable First Amendment conundrum: In early 2020, had Wesson spoke about certain content, Wesson would be liable under a court's application of the TCPA; with other content, Wesson would not be liable under a court's application of the TCPA. *See* Oral Argument at 12:15–15:20, 18:54–19:39, *Lindenbaum v. Realgy LLC*, No. 20-4252 (6th Cir. 2021), https://www.opn.ca6.uscourts.gov/internet/court_audio/aud2.php?link=audio/07-29-2021%20-%20Thursday/20-4252%20Roberta%20Lindenbaum%20v%20Realgy%20LLC.mp3&name=20-4252%20Roberta%20Lindenbaum%20v%20Realgy%20LLC (discussing the constitutionality of content-neutrally applied laws with content-based remedies arising from defenses and the effects of allowing such a regime); *see also Cunningham*, 2021 WL 1226618, at *7 n.10; *cf. Cano*, 2021 WL 3036933, at *7 (acknowledging the "analytical quandary left in the wake of *AAPC*'s severance analysis."). The Supreme Court has long disallowed courts from enforcing content-based speech regulations through the face of the statute or a separate defense—especially those already held unconstitutional. *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015) (citing *R.A.V. v. St. Paul,* 505 U.S. 377, 395 (1992); *Simon & Schuster, Inc. v. Members of N.Y. State Crime Victims Bd.,* 502 U.S. 105, 115, 118 (1991)) ("Content-based laws—those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests."). Thus, the Court declines to enforce a content-based restriction on speech here, no matter if the result of a legislative, executive, or judicial act. *See AAPC*, 140 S. Ct. at 2355 n.12. Accordingly, the Court will deny the motion and dismiss the claims.

## IV.  CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Plaintiff Kimberly Hudson's Motion for Default Judgment (ECF No. 11) and **DISMISSES without prejudice** her claims.

**SO ORDERED** on this **12th day** of **August, 2021**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**